SOSA *v.* RÍO GRANDE AGRÍCOLA COMPANY, LIMITED.

APPEAL from the District Court of San Juan.

No. 725.—Decided December 15, 1911.

UNLAWFUL DETAINER—JURISDICTION OF DISTRICT COURTS—SALE OF LEASED PROP-
ERTY.—District courts have jurisdiction to take cognizance of an action of
unlawful detainer instituted by the purchaser of an estate leased under a pri-
vate contract; this not falling within the exceptions set out in section 1474
of the Civil Code, because the possession of the lessee is equivalent to posses-
sion by sufferance and the question of the amount of the annual rental does
not arise.

ID.—SALE OF LEASED PROPERTY—PURCHASER'S KNOWLEDGE OF EXISTENCE OF CON-
TRACT.—A lease' which is made by means of a document wherein it is not
stipulated that the possession of the lessee in case of sale shall be respected
has a personal character, and even in the presumption that the purchaser of
the leased property had knowledge of the existence of such contract, the nature
thereof is not altered and the lessee is bound to vacate the property if so re-
quired by the purchaser.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for appellant.

*Mr. Herminio Díaz Navarro* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This case primarily raises the question of whether the district court had jurisdiction of the unlawful-detainer action which was brought by the appellee. Under section 3 of the Unlawful-Detainer Act, Session Laws 1905, p. 183, the municipal courts have jurisdiction in all cases in which the amount specified in the lease as rental, or the consideration

or sum which should be paid by virtue of any contract, does not exceed $1,000 computed annually. In all other cases jurisdiction belongs to the district court.

On March 30, 1911, the appellee, José Sosa Oliva, bought of Eugenio Malpica a piece of property in the ward of Guzmán Abajo, municipal district of Río Grande. On April 5, 1911, the appellant, the Río Grande Agrícola Company, Ltd,. notified the appellee it held the said land under a lease from Eugenio Malpica, the former owner, for a period of seven years, four of them obligatory and three at the election of the lessee, and that it elected to take advantage of the extension.

The foregoing contract of lease was a private one, containing no provision with respect to the rights of the lessee in case of sale, and no record of it was made in the registry of property. The appellee refused to be bound by the provisions of said lease and prosecuted the said action of unlawful detainer.

The defendant, after a preliminary motion and demurrer, to be discussed hereafter, answered setting up lack of jurisdiction because the annual rental was less than $1,000, and also setting up that the appellee had knowledge of the contract of lease. At a hearing judgment was given for the appellee substantially because the answer did not constitute a defense to the action.

The appellee maintained his right of action by virtue of section 1474 of the Civil Code which is as follows:

"Section 1474. The purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, unless the contrary is stipulated, and the provisions of the mortgage law.

"If the purchaser should make use of this right, the lessee may demand that he be permitted to gather the fruits of the crop corresponding to the current agricultural year and that he be indemnified by the vendor for the losses and damages he may have suffered." (Civil Code, p. 1097.)

By virtue of this section, saving the exceptions, the purchaser has a right to terminate a previously existing lease. Saving the exceptions, the contract between the tenant and the original owner was merely a personal one, and in such cases the idea of section 1474 is to give the purchaser an untrammeled dominion over the purchased property. (10 Manresa, 586 *et seq.;* 24 Scaevola, 650 *et seq.*) The law fixes the tenants' rights against the original owner and not against the purchaser. His lease avails him no more as against the purchaser than if he had taken a lease from an utter stranger. The law turns over the property to the purchaser, if he so elects, unshackled, and from the moment the supposed tenant is notified of the purchaser's intention to terminate the lease, as he was in the case at bar, if he continues to hold he does it at the mere sufferance of the real owner. Section 2 of the Unlawful-Detainer Act provides among other things that the action will lie against any person "who retains the material possession thereof or enjoys the same by sufferance without paying any rental or other consideration whatever." At the time of the sale from Malpica to Sosa the contract of the appellant here was for four years with the privilege of three more. It was not a seven-year lease. The contract was a purely personal one and the obligation of the appellant was to the former owner. Hence as against the purchaser he held under no obligation of payment and was in the position of a person enjoying land by sufferance. It is true that section 3 of the said act speaks of the "consideration or sum which should be paid by virtue of any contract." These words, however, must be limited to a contract with an owner or one who stands in the shoes of said lessor or contractor. It was the express purpose of section 1474 to exempt the purchaser from being bound by an existing lease, except under the conditions provided for in said section. We must, therefore, hold that the amount of the rental did not arise in this case, and that the court in which the trial might properly proceed

was the one in which the residuary jurisdiction was reposed, namely, the district court.

The answer sets up also that the complainant had knowledge of the existing lease. The words of section 1474 are not as clear as they might be. Before the four-year lease could be converted from a personal to a real contract it was necessary, first, that the lessor and lessee should have inserted a provision in the contract by which such contract should have become an incumbrance upon the land. Then, before such a provision could bind a purchaser the contract must be recorded in the Registry of Property, or the purchaser must be shown to have knowledge of its existence. The words "and the provisions of the mortgage law" mean that a purchaser of a leased estate can only be affected by a real contract of which he has actual or constructive notice. In the answer the knowledge of the purchaser is imperfectly alleged; but even were it correctly set forth such knowledge would not convert a personal contract into a real one, or affect or destroy the purchaser's rights to the complete possession.

Appellant makes some objections to the complaint, maintaining that it states two different causes of action. It is true that the complaint also says that the lease was void because the wife of the original owner did not join in the same; but no nullity was prayed for and from the view we have taken of the case such allegation was mere surplusage.

The complaint was also alleged to be bad because it failed to state the amount of the rent. Jurisdiction of the district court dependant upon the amount would be presumed until the contrary appears.

Another objection was to the manner in which the complainant stated his ignorance of the existence of the lease, but as that ignorance was immaterial the words describing it were also surplusage.

The judgment must be affirmed.

*Affirmed.*

Justices MacLeary, del Toro, and Aldrey concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.